Ed H. BOHLMAN, d/b/a Bohlman Truck
Line, Plaintiff and Appellant,

v.

BIG RIVER OIL COMPANY, a Corporation,
Defendant and Respondent.

No. 8087.

Supreme Court of North Dakota.

Nov. 7, 1963.

Rehearing Denied Dec. 12, 1963.

Cox, Pearce, Engebretson, Murray, Atkinson & Gunness, Bismarck, for plaintiff and appellant.

Max D. Rosenberg, Bismarck, for defendant and respondent.

STRUTZ, Judge.

The plaintiff, doing business as Bohlman Truck Line, brought suit against the defendant for damages to certain of the plaintiff's equipment which had been left at the defendant's place of business for servicing. The plaintiff also demanded damages for loss of use of such equipment during the time it was being repaired.

The answer of the defendant denied that any damage caused to the plaintiff's equipment was caused by the negligence of the defendant or its agents; it admitted that the plaintiff did deliver the equipment to the defendant for servicing, but alleged that the work was done and completed and the equipment was redelivered to one of the plaintiff's employees, who was in possession of and working on such equipment when it was damaged by fire; and alleged that any damages sustained by the plaintiff were the result of the negligence of his own employee and not the result of any negligence on the part of the defendant, its agents or servants.

The defendant also counterclaimed for damages to its premises caused by the fire which the defendant contends was the result of the negligence of the plaintiff's employee.

After issue was joined, the case came on for trial on December 11, 1962. In the course of the trial the parties, after a conference, stipulated in open court that judgment be entered by the plaintiff for the sum of $9,441.84; that $5,164.80 of this sum was for damages to the plaintiff's equipment, $4,141.84 of such sum was for loss of use, and that the balance for which judgment was to be entered, or $135.20, was to be for plaintiff's attorney fees, it being agreed that the balance of plaintiff's attorney fees were to be paid by the plaintiff himself.

The stipulation further provided that, upon payment of the sum of $5,300 by the defendant to the plaintiff, the judgment which was to be entered on such stipulation was to be fully satisfied, the balance of the amount represented by such judgment to be paid by defendant's crediting the plaintiff for such sum on the balance due the defendant from the plaintiff on open account. It was further stipulated that the payment provided for in the compromise settlement was to be made by the defendant within ten days. Both the plaintiff and the president of the defendant company were personally present in court and agreed to such settlement.

Following the stipulation in open court, the jury which had been impaneled to try the case was discharged by the court.

No judgment was entered on the stipulation, as agreed, and the payment due the plaintiff from the defendant was not made within ten days. Thereafter, on January 8, 1963, the defendant made a motion to vacate such stipulation and set aside the consent to entry of judgment, basing such motion on the ground of newly discovered evidence which was not known to the defendant at the time of the stipulation for entry of judgment. The plaintiff thereupon moved for entry of judgment on the stipulation and agreement.

The trial court, after hearing the motions and the resistance thereto, ordered that the motion by the plaintiff for entry of judgment be in all things denied, and that the defendant's motion to vacate and set aside the stipulation of compromise and settlement and the stipulation for entry of judgment thereon be granted. The court further ordered the case restored to the calendar and set for trial.

From this order, plaintiff has appealed to this court.

There is only one question for determination on this appeal:

Was the final and complete compromise settlement and stipulation for entry of judgment, entered into in open court during the course of the trial, subject to vacation on discovery of new evidence which was not known to the defendant at the time of such settlement?

■ In North Dakota, the law looks with favor upon compromise and settlement of controversies between parties; and, where such settlement is fairly entered into, it is conclusive on the rights of the parties to the settlement. Herold v. Hill, 41 N.D. 30, 169 N.W. 592, at 597.

■ Where a controversy between parties is settled before trial, and where the settlement is fairly made, the stipulation takes on the character of a contract between the parties and is final and conclusive, and based on good consideration. Such settlement cannot be set aside in the absence of a showing of fraud, duress, undue influence, or such other facts as would warrant the setting aside of any contract.

Although there is some authority to the effect that a stipulation of settlement may be set aside on a proper showing that no material change in the position of the parties has taken place since the stipulation was entered into, the general rule followed by the majority of courts is that, to justify the granting of relief from such stipulation, a showing must be made which would

justify setting aside a contract in equity. This court had before it a somewhat similar question in the case of Lilly v. Haynes Co-op. Coal Mining Co., 48 N.D. 937, 188 N.W. 38. In that case, the plaintiff was suing for damages for personal injuries suffered as an employee in the defendant's coal mine. During the pendency of the action, the plaintiff and the defendant entered into a settlement agreement by which the plaintiff, for a consideration, executed and delivered to the defendant a release of all claims and a stipulation dismissing the action was prejudice.

Thereafter, the plaintiff made a motion to set aside the stipulation of dismissal and the settlement, which motion was granted by the trial court. This court, on appeal from the order granting such motion, reversed the trial court's order and held that it was error for the trial court to set aside the settlement in the absence of some distinct ground which would be sufficient in equity to warrant the setting aside of any contract or agreement. This court, in its decision, did not determine whether the settlement could have been set aside on motion if fraud, duress, undue influence, or other facts which would warrant the setting aside of a contract had been established, or whether fraud or such other fact would have to be proved in an independent action brought to set aside the agreement.

■ Thus the rule in this State, as well as in a majority of jurisdictions, is that parties to a controversy may not go behind a compromise or settlement of such controversy made in good faith before trial. If the settlement of such controversy is free from fraud or any of the other grounds for which a contract can be set aside in equity, it is final even though the parties may have been ignorant at the time of the settlement of the full extent of their rights. 11 Am. Jur., "Compromise and Settlement." Sec. 25, p. 272.

In the case now under consideration, the parties reached their settlement during the course of the trial, and a stipulation of

settlement was dictated into the record after the plaintiff had completed his case and had rested. There can be no claim that the settlement was indefinite or incomplete, or that the parties did not understand it. The trial court, after the stipulation had been dictated in open court, said to counsel and to the parties:

"I will have the court reporter read back the stipulation now and ask that counsel pay particular attention to it, and also Mr. Bohlman and Mr. Haus. Then after he has read it I will ask you whether or not that is your stipulation and agreement so that there is no question as to what the settlement actually is."

After some further discussion, the court made the following inquiries:

"THE COURT: All right. Now, you have heard the stipulation of settlement. Does that meet with your approval, Mr. Bohlman?

"MR. BOHLMAN: Yes, sir."

The court further inquired of the defendant:

"THE COURT: Mr. Haus, you are president of the defendant corporation.

"MR. HAUS: That's right.

"THE COURT: And you are authorized to make a settlement in this lawsuit?

"MR. HAUS: That's right.

"THE COURT: You have the authority to make a settlement on behalf of the corporation, do you?

"MR. HAUS: That's right.

"THE COURT: And you have heard the stipulation of settlement as it's been read into the record. Does that meet with the corporation's approval?

"MR. HAUS: That's right.

"THE COURT: And you approve it on behalf and for the defendant corporation. Is that correct?

"MR. HAUS: That's right."

The court then returned to the courtroom where the jury was waiting, and the following proceedings took place:

"THE COURT: Ladies and Gentlemen of the Jury, the parties in this lawsuit have reached a settlement between themselves, and therefore there will be no need to continue with the trial. You will be excused, then, until tomorrow at 10:00 A.M."

The trial court, in granting the defendant's motion to set aside the settlement so made, seemed to place particular emphasis on the decision of the Iowa Supreme Court in the case of Van Donselaar v. Van Donselaar, 249 Iowa 504, 87 N.W.2d 311, in which the Iowa Supreme Court stated that consent to enter judgment must exist at the time the court undertakes to make the agreement of the parties the judgment of the court. The trial court in this case pointed out that no judgment was entered and that, before the plaintiff made his motion to enter judgment on the stipulation, the defendant had moved to set aside the settlement agreement.

The Iowa court, in its opinion, uses language upon which the trial court relied, to the effect that consent to enter a judgment must exist at the time the court undertakes to make the agreement of the parties the judgment of the court. But a reading of the Iowa case clearly discloses that the decision setting aside the decree of the trial court in that case was on the ground that the evidence of the oral settlement reached by the parties in open court was insufficient to sustain a finding that a full settlement had been reached. In other words, there was no complete settlement which constituted a new agreement between the parties. The trial court in the Iowa case clearly

realized that there was no full settlement reached in open court, for the court stated that he was basing his conclusion of such settlement on his memory. He stated:

"It is my memory that the terms were discussed generally as to what this settlement would be, * * *."

The trial court then went on to state:

"* * * the agreement proposed, or the essential elements of the agreement of settlement disclosed to the Court were substantially as contained in the Decree which the Court is entering herein."

█ Thus, in the Iowa case upon which the trial court places much emphasis to support its order in this case, there was no evidence that a complete settlement had been reached by the parties. Unless the parties did reach such complete and final agreement, there was, of course, no new contract to take the place of the original controversy between the parties. The power of the court to enter judgment by consent is dependent upon the existence of actual consent of the parties at the time the agreement is approved by the court. 49 C.J.S. Judgments § 174, p. 311.

█ In this case, both parties gave their unqualified consent to the agreement at the time the court approved the settlement and discharged the jury. The fact that the judgment was not actually entered at that time is, we believe, immaterial. The trial court took every precaution to see that both of the parties understood, and agreed to, the settlement which was being made. The parties having stipulated for settlement of the case under such circumstances, the agreement of settlement is final and should be upheld without regard to the merits of the original controversy between the parties. The original controversy between the parties resulted in an agreement to the effect that the litigation then being tried was settled and finally terminated. Yonkers Fur Dressing Co. v. Royal Insurance Co., 247 N.Y. 435, 160 N.E. 778.

If the defendant could prove that the settlement was the result of fraud, duress, undue influence, or any of the other grounds which would warrant setting aside a contract, then the defendant might set aside the settlement and invalidate the compromise made. But when a compromise or stipulation of settlement results in the termination of a lawsuit, and an agreement giving effect to the settlement is made, such settlement cannot thereafter be set aside upon mere affidavits which disclose that the defendant had a better defense at the time he made the settlement than he realized. Such showing by affidavit as was made by the defendant in this case in its motion to set aside the stipulation of settlement merely raises again the very questions in dispute at the time the parties settled the litigation. The controversy having once been disposed of and settled on its merits, such agreement should not be set aside except on grounds which permit any contract to be set aside.

The order of the district court, granting the defendant's motion to set aside the stipulation of settlement and consent to entry of judgment, is reversed with instructions to the trial court to enter judgment on the stipulation for settlement as made in open court.

MORRIS, C. J., and ERICKSTAD, BURKE and TEIGEN, JJ., concur.