THOMAS C. ROEL ASSOCIATES, INC.,
Plaintiff and Appellant,

v.

Gordon C. HENRIKSON and Gretchen
K. Henrikson, Defendants
and Appellees.

Civ. No. 9759.

Supreme Court of North Dakota.

July 17, 1980.

Eugene A. Kruger, of Pancratz, Kruger, Wold, Yuill & Johnson, Fargo, for plaintiff and appellant.

Duane H. Ilvedson, of Nilles, Hansen, Selbo, Magill & Davies, Fargo, for defendants and appellees.

VANDE WALLE, Justice.

Thomas C. Roel Associates, Inc. ("Roel"), appeals from a judgment and order of the Cass County district court entered on January 9, 1980, against it and in favor of Gordon C. Henrikson and Gretchen K. Henrikson ("Henriksons"), Lester V. Kraus and Katherine A. Kraus ("Krauses"), and Wallace J. Goetz and Lorraine S. Goetz ("Goetzes"). We reverse and remand.

Roel had brought an action against the Henriksons to cancel a contract for deed on certain real property. To this the Henriksons had interposed an answer and counterclaim asking for judgment against the plaintiff, dismissal of the original complaint, their expenses, return of money paid, and punitive damages. Roel then served a reply and amended complaint alleging misuse and damage to the property, removal of fixtures, and asking for money damages. The Henriksons answered the reply. The matter was set for trial, but prior to its commencement the parties, through their attorneys, entered into a stipulation and agreement in order to resolve their differences.

Pursuant to that agreement, the Henriksons executed and delivered to Roel a quitclaim deed to the property. In addition, the

Krauses and Goetzes, who held liens on the property because of judgments against the Henriksons, executed satisfactions of judgment. These actions were taken in order to make title to the property marketable.

The property was listed with a realtor and sold. Following the sale, Roel was contacted by its attorney, who outlined a proposed distribution of the proceeds realized from the sale of the property. This proposal was not acceptable to the Henriksons. Further attempts to conclude distribution of the sale proceeds based on the terms of the stipulation and agreement were unsuccessful. Thereafter, the Henriksons moved for an order enforcing the stipulation and agreement, ordering Roel to comply with the terms of the stipulation and agreement, and ordering that judgment be entered against Roel for the money it owed the Henriksons pursuant to the provisions of the stipulation and agreement.[1]

A hearing was held and the district court heard arguments by counsel for the parties and counsel for the Goetzes and Krauses. At the conclusion, the district court immediately issued its ruling. It found that it did have authority to enforce the stipulation compromising the pending actions, that there were no factors which would warrant canceling the stipulation and agreement, that Roel was estopped from denying the validity of the stipulation and agreement, and that there was no ambiguity on the face of the agreement. The district court granted the Henriksons' motion and ordered judgment against Roel and in favor of the Henriksons, Krauses, and Goetzes. Roel has now appealed from this judgment.

■ We agree with the district court that it does have authority to enter judgment in accordance with the terms of a compromise agreement. Support for such action is found in *Bohlman v. Big River Oil Company*, 124 N.W.2d 835 (N.D.1963). In North Dakota, the law looks with favor upon compromise and settlement of controversies between parties, and where the settlement is fairly entered into, it should be

considered as disposing of all disputed matters which were contemplated by the parties at the time of the settlement. *Bohlman, supra; Herold v. Hill*, 41 N.D. 30, 169 N.W. 592 (1918). But this does not mean that the entry of judgment must be automatic. As much as agreements for compromise and settlement are favored, courts must be careful in furthering this principle that they do not omit appropriate judicial procedures that not only safeguard the rights and interests of the parties but also permit the parties to make a proper record for review on appeal. *Limmer v. Country Belle Cooperative Farms*, 220 Pa.Super. 171, 286 A.2d 669 (1971).

■ Here, Roel contends that the terms of the agreement are ambiguous. Whether or not an ambiguity exists is a question of law for the courts. *Kruger v. Soreide*, 246 N.W.2d 764 (N.D.1976); *Grove v. Charbonneau Buick-Pontiac, Inc.*, 240 N.W.2d 853 (N.D.1976). But once it is determined that an agreement is ambiguous and that the parties' intent cannot be ascertained from the writing alone, reference must then be made to extrinsic evidence, and those questions in regard to which extrinsic evidence is adduced are questions of fact to be determined by the trier of fact. *Metcalf v. Security Intern. Ins. Co.*, 261 N.W.2d 795 (N.D.1978); *Farmers Elevator Company v. David*, 234 N.W.2d 26 (N.D.1975). If the agreement in this instance is ambiguous, then, as with any ambiguous contract, a hearing should be held so that evidence of the parties' intent at the time the agreement was entered into may be presented to aid the court in interpreting the agreement. Sec. 9–07–12, N.D.C.C.

The stipulation and agreement here provided:

"The parties hereto, by and through their respective attorneys, hereby agree and stipulate as follows:

"1. All claims by each of the parties hereto shall be dismissed with prejudice to the commencement of another action

---

1. We construe this motion as a motion to enter judgment in accordance with the stipulation and agreement rather than a motion for compliance with the stipulation and agreement.

by either party, and without costs to either party.

"2. Defendants shall quit claim to Plaintiff all of their right, title, and interest in and to a certain home located at 225 11th Avenue East, West Fargo, North Dakota, the legal description of which is as follows:

"Lot 5, in Block 2, Wyum's First Addition to the City of West Fargo, Cass County, North Dakota.

"3. Plaintiff shall list as soon as possible the above described home with a local realtor acceptable to Plaintiff and to Defendants, and at a price agreeable both to Plaintiff and Defendants. The parties contemplate that the home will be listed with The Land Office of Fargo, and at a broker's commission of seven percent, although the broker and the percentage commission are not specifically made a part of this Stipulation and Agreement.

"4. From the proceeds of the sale of the home, the following amounts shall be paid:

"a. A realtor commission.

"b. The sum of $4,400 to Plaintiff for expenditures on behalf of Defendants.

"c. A Judgment in favor of Lester V. Kraus and Katherine A. Kraus on June 9, 1977, in the amount of $1,146.00 as of March 20, 1979.

"d. The mortgage balance of approximately $48,000 to First Federal Savings and Loan Association of Fargo.

"5. The balance of the proceeds from the sale of the house shall be distributed to the Defendants.

"6. Defendants hereby consent to Plaintiff entering a judgment against them cancelling the contract for deed entered into between the parties on December 31, 1976. Such judgment may be entered at any time by Plaintiff on the authority of this stipulation and agreement, and without further notice to Defendants. Plaintiff may record the quit claim deed referred to in paragraph 2 above at any time."

We agree with Roel that some of the terms of this agreement are ambiguous.

The agreement provides for payment of the mortgage balance, which it states is approximately $48,000, but it is unclear whether or not the parties intended that, in the event of default, attorney fees or any prepayment penalty would also be included in this amount to be paid the mortgagor out of the sale proceeds. In addition, the agreement provides for a certain sum to be paid to the Krauses out of the sale proceeds, but it does not specifically provide for payment to the Goetzes, which was included in the district court's order.

■ The number of questions raised by the court at the hearing on the motion clearly indicates there are ambiguities in the agreement which must be clarified in an evidentiary hearing. The resolution of these questions cannot be based on merely the affidavit with attached exhibits of one of the attorneys, without giving the other side the opportunity to rebut or verify the statements given in the affidavit. The transcript of the hearing on the motion reveals that the district court was advised by the attorneys of certain facts which may clarify some of the ambiguities in the agreement. But in view of Roel's objection to some of the statements and figures in the Henriksons' affidavit, the district court should have held an evidentiary hearing to establish of record the facts and circumstances surrounding the agreement. See *Limmer, supra.* We hold that the district court erred in determining that the stipulation and agreement was clear and unambiguous on its face.

Our decision that an evidentiary hearing should be held does not conflict with this court's prior decision in *Bohlman, supra.* In that case, the parties during the course of the trial had stipulated in open court that judgment was to be entered in favor of the plaintiff for a certain sum. No payment of the sum due the plaintiff from the defendant was made within the set time and no judgment was entered on the stipulation. Thereafter, the defendant moved to vacate the stipulation and set aside the consent to entry of judgment, basing such motion on the ground of newly discovered evidence.

The plaintiff then moved for entry of judgment on the stipulation and agreement. The district court denied the plaintiff's motion and set aside the stipulation of compromise and settlement and the stipulation for entry of judgment. On appeal this court held:

"Where a controversy between parties is settled before trial, and where the settlement is fairly made, the stipulation takes on the character of a contract between the parties and is final and conclusive, and based on good consideration. Such settlement cannot be set aside in the absence of a showing of fraud, duress, undue influence, or such other facts as would warrant the setting aside of any contract." 124 N.W.2d at 837.

The order of the district court was reversed with instructions to enter judgment on the stipulation for settlement as made in open court.

While we agree with the court's statement in *Bohlman, supra,* we do not believe it is applicable in this instance. Roel is not attempting to set aside the agreement, but is seeking only to present evidence as to its meaning. Unlike the present situation, the court in *Bohlman, supra,* determined:

"There can be no claim that the settlement was indefinite or incomplete, or that the parties did not understand it." 124 N.W.2d at 838.

Further support for holding an evidentiary hearing is found in *Lilly v. Haynes Co-op. Coal Mining Co.,* 48 N.D. 937, 188 N.W. 38 (1922), upon which the court in *Bohlman, supra,* relied, in part, for its holding. In that case, the court affirmed the decision of the lower court to set aside, where equity so demanded, the stipulation for dismissal, but held that it was improper to set aside the compromise agreement itself upon motion of one of the parties. The court believed that a question on the validity of the agreement goes to the very nature of the cause of action itself, and should not be determined in a summary manner upon motion. See *Redevelopment Auth. v. L & H Creative Art Studio,* 6 Pa.Cmwlth. 326, 294 A.2d 606 (1972); *Limmer, supra.*

The judgment of the district court is reversed and the case is remanded with instructions to hold an evidentiary hearing on the facts and circumstances surrounding the contested agreement in order to determine the intent of the parties at the time the agreement was entered into.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.