In the Matter of the ESTATE OF Lillian C. HEDSTROM, Deceased.

Shirley V. JENNINGS, Personal Representative of the Estate of Lillian C. Hedstrom, Deceased, Petitioner and Appellee,

v.

Alton HEDSTROM, Respondent and Appellant.

Civ. No. 900399.

Supreme Court of North Dakota.

June 25, 1991.

William F. Lindell (argued), Washburn, for petitioner and appellee.

Rausch & Rausch, Bismarck, for respondent and appellant; argued by James P. Rausch.

MESCHKE, Justice.

Alton Hedstrom appealed from an order of the county court approving the Final Accounting and Distribution for the estate of Lillian C. Hedstrom and affirming a prior court order offsetting $18,000 of Alton's indebtedness to the decedent from his share of the distribution. Because Alton is bound by his agreement in open court to accept the $18,000 setoff, and by the prior court order approving that setoff, we affirm.

Lillian died on July 14, 1990, and devised her property to her eight children equally. Her will directed:

> During my lifetime I have made certain loans of money to some of my children. It is my desire that each of my children shall be treated equally, and the amount received by each child shall be reduced by the amount of loan unpaid by my children to me at the time of my death. All of the rest and residue, of whatever nature and wherever situated, including all property of which I have power of appointment, I give, devise and bequeath outright to my children, share and share alike, subject only to the reductions for loans unpaid.

Lillian's daughter, Shirley Jennings, was appointed the personal representative for the estate. From the decedent's records, Jennings calculated the amount of indebtedness by each child to the decedent, and then petitioned the court to approve those amounts to be deducted from each beneficiary's share of the estate.

At a hearing for that purpose on August 29, 1990, Alton, one of Lillian's surviving children, objected to the $35,091.87 that Jennings sought to offset from his share of the distribution. At the hearing the attorney for the estate questioned Jennings about her negotiations with Alton:

> Q. We had some discussion before this hearing today with Alton. Alton is saying that he had paid some of these accounts and some of the checks were for salary and some other things. Is that correct?
> A. That's what he said, yes.

> Q. And he indicated prior to the hearing, and I'm going to ask him, too, that he would be satisfied with—Not satisfied, but he would be acceptable to the sum of $18,000 as the amount that he would owe his mother, rather than the $35,000.
> Is that pretty much what he indicated?
> A. Yes.

The attorney then questioned Alton:

> MR. LINDELL: ...
> Alton, I would like to ask you if this sum of $18,000 is acceptable to you.
> ALTON: Well, it's better than what it was there.

Following that testimony the trial judge said:

> THE COURT: Anything further?
> MR. LINDELL: No, Your Honor.
> THE COURT: Then with the exception of Alton, that amount will be changed from $35,091.87 to $18,000. With that correction, the petition will be granted.

The court entered an order on August 29, 1990, approving the $18,000 setoff.

Neither at the hearing nor soon after did Alton voice objection to the negotiated $18,000 setoff nor did he promptly request the court to modify the order. In November 1990, Jennings petitioned the court to approve the final report and accounting for the estate. At the hearing on that petition, Alton appeared with counsel to object to the $18,000 setoff. Alton argued that he never agreed to accept that setoff, and he requested the trial court to grant an evidentiary hearing to make Jennings prove the correct setoff amount. The court, in a November 7, 1990 order, affirmed its prior order approving the negotiated $18,000 setoff to Alton's share of the distribution, and approved the final accounting and distribution for the estate with that setoff. Alton appealed.

Alton argues on appeal that the trial court erred in finding that he had agreed to the $18,000 setoff. A trial court's findings of fact are reviewed on appeal under NDRCivP 52(a), and will not be set aside unless they are clearly erroneous. *Matter of Estate of Raketti*, 340 N.W.2d 894 (N.D.1983). At the close of the August 29,

1990, hearing, in Alton's presence, the trial court approved the $18,000 setoff for Alton based upon the agreement negotiated and recorded during the hearing. Alton voiced no objection then, nor soon after, to complain about the negotiated setoff amount approved by the court.

■ Furthermore, when a controversy is settled, the stipulation of settlement becomes a binding contract. *Bohlman v. Big River Oil Company*, 124 N.W.2d 835 (N.D.1963). That contract is final and conclusive absent fraud, duress, undue influence or other facts that would warrant rescission of a contract. *Id.* The settlement contract cannot be set aside upon mere affidavits that a party had a better case at the time he made the settlement than he realized. *Id.* at 839. If Alton agreed to a settlement, he is bound by it absent a showing sufficient to set aside a contract.

■ A party cannot remain silent in open court, failing to voice an objection, when a settlement agreement is proposed to the court, and then attempt to avoid being bound by it, without adequate explanation, after the settlement has been approved by the court. *See Michigan Bell Telephone Co. v. Sfat*, 177 Mich.App. 506, 442 N.W.2d 720 (1989). Whatever ambiguity there may have been in Alton's recorded agreement to the settlement, his acquiescence was sufficient evidence for the county court to conclude that he agreed to the $18,000 amount. "A choice between two permissible views of the evidence is not clearly erroneous when the trial court's findings are based ... on ... inferences from other facts, or on credibility determinations." Explanatory Note to NDRCivP 52. Therefore, we conclude that the trial court's finding that Alton agreed to the setoff is not clearly erroneous, and that the court did not err in concluding that Alton is bound by the prior court order.

On appeal Alton also argues that he should not be bound by this "compromise" setoff because the agreement was not in writing as required under NDCC Ch. 30.1–22, which covers the procedure and effect of compromises in probate proceedings.

The relevant part of NDCC 30.1–22–01 (UPC 3–1101) on compromises says:

> A compromise of any controversy as to ... the rights or interests in the estate of the decedent, of any successor, or the administration of the estate, if approved in a formal proceeding in the court for that purpose, is binding on all the parties thereto....

The relevant part of NDCC 30.1–22–02 (UPC 3–1102) on the procedure for securing court approval of compromise says:

> 1. The terms of the compromise shall be set forth in an agreement in writing....
>
> \*   \*   \*   \*   \*   \*
>
> 3. After notice to all interested persons or their representatives, including the personal representative of the estate and all affected trustees, the court, if it finds that the contest or controversy is in good faith and that the effect of the agreement upon the interests of persons represented by fiduciaries or other representatives is just and reasonable, shall make an order approving the agreement and directing all fiduciaries under its supervision to execute the agreement....

There was substantial compliance with these procedures at the hearing.

■ Although this compromise was not in the form of a written agreement at the beginning, the parties appeared before the trial judge in open court and agreed on the record to the compromise. *See State v. Ennis*, 464 N.W.2d 378, 384 (N.D.1990) ("... the transcript of the hearing provided the necessary written statement...."). Oral stipulations of the parties made in open court on the record are binding. *Aaker v. Aaker*, 338 N.W.2d 645 (N.D.1983). A statute requiring a stipulation to be in writing does not apply to a stipulation made in open court. *Id.* at 647. The trial court found the compromise amount to be reasonable and approved it in the presence of the parties at a hearing held for the purpose of determining the amount. We are not persuaded that the lack of a beginning written agreement negates the binding ef-

fect of the compromise made on the record and approved by the court.

It is unnecessary for us to reach other issues raised by Alton on appeal. The order of the court is affirmed.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.