Pamela G. JONES, Appellee
and Cross–Appellant,

v.

NORTH DAKOTA WORKERS' COMPENSATION BUREAU, Appellant and Cross–Appellee.

Civ. No. 920249.

Supreme Court of North Dakota.

July 1, 1993.

Keith Archie Wolberg (argued), Bismarck, for appellee and cross-appellant.

Andrew Moraghan (argued), Asst. Atty. Gen., North Dakota Workers' Compensation Bureau, Bismarck, for appellant and cross-appellee.

NEUMANN, Justice.

The district court issued a judgment, dated July 7, 1992, reversing an order of the North Dakota Workers Compensation Bureau (the Bureau) which denied partial disability benefits to Pamela G. Jones. The court awarded Jones partial disability benefits from January 10, 1981 through May 18, 1988. The court ordered that Jones was not entitled to receive benefits after that date, because Jones had then accepted workers compensation benefits in Montana. The Bureau appealed from the court's award of partial disability benefits, and Jones cross-appealed from the denial of benefits subsequent to May 18, 1988.

After filing their notices of appeal, the parties executed a written stipulation settling most of the dispute. The Bureau agreed to dismiss its appeal because the parties had settled "the disputes ... which had resulted in the Bureau's appeal." The parties agreed that the only issue to be litigated between them was the cross-appeal issue of "whether the district court erred in foreclosing the claimant from disability benefits for any period of time since December 29, 1989." [1] In view of the Bureau's dismissal of its appeal and of the parties' stipulation, we affirm that part of the district court's judgment declaring that Jones is entitled to partial disability benefits, but we reverse that part of the judgment precluding her from receiving disability benefits after December 29, 1989. We remand to the district court for entry of a modified judgment instructing the Bureau to determine benefits for Jones from December 29, 1989.

As an employee of K.C. Hole Plugging, Jones injured her back on December 9, 1980, while she was shoveling gravel from a pickup. She filed a claim for benefits with the Bureau. It accepted the claim, paying Jones' medical expenses and awarding her twenty-eight days of temporary disability benefits.

On May 19, 1988, Jones sustained another work-related injury while lifting heavy boxes as an employee of the J.C. Penney Company in Montana. The medical assessment of this injury was that Jones had aggravated her prior North Dakota injury, and Jones received workers compensation benefits in Montana.

Jones then filed a claim with the Bureau for permanent partial disability benefits. She alleged that her 1980 injury has result-

---

1. Although the trial court ruled that Jones could not receive benefits after May 18, 1988, the parties mutually agreed that she could receive benefits through December 29, 1989.

ed in physical limitations on the type of work she can do and for that reason she has been unable to get a job paying equivalent wages to what she was earning as an employee of K.C. Hole Plugging. The Bureau denied Jones' claim for further disability benefits, and she appealed to the district court.

The district court concluded that Jones had established her right to receive partial disability benefits and that the Bureau's contrary findings were not supported by a preponderance of the evidence. However, the court concluded that Jones' acceptance of workers compensation benefits in Montana precluded her, under Section 65–05–05, N.D.C.C.,[2] from receiving disability benefits from the Bureau after receiving Montana benefits.

■ The stipulation entered into between the parties changes the nature of this entire case on appeal. When a controversy is settled, the stipulation of settlement becomes a binding contract. *Matter of Estate of Hedstrom*, 472 N.W.2d 454, 456 (N.D.1991).

■ The Bureau is attempting to argue that Jones did not establish that she is factually entitled to receive partial disability benefits. Normally, the Bureau could raise this and any other issue relating to the trial court's decision. However, a fair reading of the stipulation, together with the Bureau's dismissal of its appeal, leads us to conclude that the Bureau has not preserved this issue on appeal. The trial court ordered the Bureau to pay benefits through May 18, 1988. The only reason the court precluded benefits after that date was because Jones then accepted benefits in Montana. When the Bureau dismissed its appeal from the award of disability benefits and stipulated that the only remaining issue was whether the court had erred in stopping benefits after Jones had accepted Montana benefits, the Bureau waived all other issues, including the issue of whether

Jones had factually established a right to receive disability benefits.

The district court concluded that Section 65–05–05, N.D.C.C., precludes Jones from receiving benefits from the Bureau after accepting Montana benefits. Jones argues that this statute has no application to this case and does not preclude her from continuing to receive benefits in this state. In its supplemental brief the Bureau concedes this issue:

> "Jones asserts that N.D.C.C. § 65–05–05 'should have no application' in this appeal.... The Bureau belatedly concurs with this assessment.... The Bureau will not assert that N.D.C.C. § 65–05–05 provides a separate basis for denying TPD [temporary partial disability] benefits to Jones."

Consequently, we affirm that part of the judgment awarding partial disability benefits to Jones, we reverse that part of the judgment precluding Jones from receiving benefits after December 29, 1989, and we remand to the district court for entry of a modified judgment instructing the Bureau to determine benefits for Jones after December 29, 1989.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

VANDE WALLE, C.J., and LEVINE, MESCHKE and SANDSTROM, JJ., concur.

---

**2.** Section 65–05–05, N.D.C.C., provides in relevant part:

"Where compensation is received through some other state act no compensation shall be allowed under this title unless such benefits are awarded by another state as a supplement of this state's benefits."