1998 SD 14

**Merle D. LEWIS and Barb Lewis, Plaintiffs and Appellants,**

v.

**BENJAMIN MOORE & COMPANY and Passmore Building Center and Benjamin Moore Paint Distributor, Inc., Defendants and Appellees.**

No. 20057.

Supreme Court of South Dakota.

Considered on Briefs Jan. 14, 1998.

Decided Feb. 18, 1998.

Gerald L. Kaufman, of Churchill, Manolis Freeman, Kludt Kaufman & Shelton, Huron, for plaintiffs and appellants.

Thomas M. Frankman and Sandra K. Hoglund of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendants and appellees.

PER CURIAM

[¶ 1.]Merle and Barb Lewis appeal the dismissal of a lawsuit against Benjamin Moore & Company. We affirm.

FACTS

[¶ 2.]The Lewises built a new home in Huron, South Dakota and used Benjamin Moore stain to coat and seal the siding. Within a short time, the stain began to crack, chip and peel away from the siding, diminishing the appearance of the new home. Attempts to correct the problem were in vain and responsibility for the damage became a dispute between the Lewises and Benjamin Moore. Ultimately, the Lewises commenced a lawsuit against Benjamin Moore for breach of express and implied warranties. They sought damages of some nineteen thousand dollars plus costs and attorney's fees.

[¶ 3.]Almost a year after the Lewises commenced their lawsuit, counsel for Benjamin Moore proposed a compromise agreement

under which an independent third party would be retained to analyze the siding problem and determine its cause. Counsel proposed that if the third party determined the stain was the cause, Benjamin Moore would pay the reasonable damages shown. Conversely, counsel proposed that if the third party determined the stain was not the cause, the Lewises would dismiss their suit. Counsel for the Lewises accepted this proposal and arrangements were made for a company named KTA–Tator, Inc. to analyze the Lewises' siding.

[¶ 4.]KTA's report ultimately concluded the problems with the peeling stain were not caused by defects in the stain, but rather by defective siding and the manner in which the stain was applied.

[¶ 5.]Benjamin Moore moved for summary judgment based upon a lack of any genuine issue of material fact over whether its stain proximately caused the damage to the Lewises' new home. Benjamin Moore also filed a motion to dismiss or to enforce the compromise and settlement agreement with the Lewises. A hearing was held and the trial court subsequently dismissed the Lewises' complaint with prejudice based upon the settlement agreement. The Lewises moved for relief from the order of dismissal which was denied. They now appeal to this Court.

## ISSUE

[¶ 6.]**Did the trial court err in dismissing the Lewises' complaint?**

[¶ 7.] It is settled law that if matters outside the pleadings are considered by a trial court in ruling on a motion to dismiss, the motion must be treated and reviewed as one for summary judgment. *See Wolff v. SD Game, Fish and Parks Dept.*, 1996 SD 23, ¶ 10, 544 N.W.2d 531, 533. It is also settled law that "[i]f a court intends to treat a motion to dismiss as one for summary judgment, it must advise the parties of such intent." *Eide v. E.I. Du Pont De Nemours & Co.*, 1996 SD 11, ¶ 5, 542 N.W.2d 769, 770. Such "[n]otice is mandatory." *Id.* The Lewises argue the trial court improperly convert-

ed Benjamin Moore's motion to dismiss to a motion for summary judgment by considering matters outside the pleadings (*i.e.*, the settlement agreement) without providing any notice of its conversion of the dismissal motion. They further argue this procedural misstep constitutes reversible error. *See id.* We disagree. As discussed below, the trial court did not convert Benjamin Moore's motion to dismiss to a motion for summary judgment. Rather, it exercised its inherent power to enforce settlement agreements by dismissing the Lewises' complaint according to the express terms of their compromise agreement with Benjamin Moore.

[¶ 8.]" 'The law favors the compromise and settlement of disputed claims.' " *Kroupa v. Kroupa*, 1998 SD 4, ¶ 25, 574 N.W.2d 208, 212 (quoting *Johnson v. Norfolk*, 76 S.D. 565, 572, 82 N.W.2d 656, 660 (1957)). Trial courts have, "the inherent power to summarily enforce a settlement agreement as a matter of law *when the terms of the agreement are clear and unambiguous.*"[1] *Gatz v. Southwest Bank of Omaha*, 836 F.2d 1089, 1095 (8th Cir.1988)(emphasis added). *Accord Wende*, 530 N.W.2d at 94 (if important facts are not in dispute, courts may summarily enforce settlement agreement on motion by one of the parties); *Thomas C. Roel Associates, Inc. v. Henrikson*, 295 N.W.2d 136, 137 (N.D.1980)(trial court has authority to enter judgment in accordance with terms of compromise agreement). A trial court, "must hold an evidentiary hearing, however, when there is a substantial factual dispute concerning the existence or terms of the settlement agreement or when the situation presents complex factual issues." *Gatz*, 836 F.2d at 1095 (citations omitted). *Accord Wende*, 530 N.W.2d at 94 (if material facts surrounding settlement are disputed, the issue must be resolved by the finder of fact and may be presented to the court or jury as an additional claim in the original action or resolved by the court or jury in a separate hearing). *See also Roel*, 295 N.W.2d at 137 (where settle-

---

1. This is true even where the rules of procedure do not provide for a motion to enforce a settlement agreement. *See Wende v. Orv Rocker Ford Lincoln Mercury*, 530 N.W.2d 92, 94 n. 1 (Iowa Ct.App.1995). However, issues over settlement may also be raised by amending the pleadings to assert settlement as a claim in the lawsuit. *Id.* In that case, the issues may then be resolved by motion for summary judgment or at trial. *Id.*

ment agreement is ambiguous and parties' intent cannot be ascertained from the writing alone, evidentiary hearing must be held so evidence of intent may be presented to aid court in interpreting agreement).

[¶ 9.]Settlement agreements are subject to the same rules of construction as contracts. 15A C.J.S. *Compromise & Settlement* § 21 (1967). Thus, whether a settlement agreement is ambiguous is a question of law. *See Watertown v. Dakota, Mn. & Eastern R. Co.,* 1996 SD 82, ¶ 21, 551 N.W.2d 571, 576 (whether contract is ambiguous is question of law). *Accord Roel, supra* (whether ambiguity exists in settlement agreement is question of law for the courts). Ambiguity exists in a settlement agreement when the language is reasonably capable of being understood in more than one sense. *See Bess v. Bess,* 534 N.W.2d 346, 347 (S.D. 1995). Parol or extrinsic evidence will not be admitted to vary the terms of a written instrument that is not found ambiguous. *See Ford v. Moore,* 1996 SD 112, ¶ 10, 552 N.W.2d 850, 854. *Accord Roel, supra* (where it is determined settlement agreement is ambiguous, reference may be made to extrinsic evidence to aid court in interpreting the agreement).

[¶ 10.]Here, the correspondence making up the parties' written compromise and settlement agreement was clear, certain and unambiguous. Benjamin Moore's counsel proposed:

> [T]hat an independent third party analyze the problems with your clients siding and make a determination as to the cause of such problems.
>
> If that third party determines that the cause of the problems are [sic] associated with our product, then we would pay for the reasonable damages shown. If the independent third party determines that the cause of your clients' problems are [sic] not associated with our product, then your case would be dismissed.

Counsel for the Lewises accepted, stating:

> I forwarded [your proposal] onto the Lewis's [sic] and finally had an opportunity to discuss it with them. We would be willing to go along with your proposals but obviously, we have a concern with exactly who will [be] conducting the independent tests.

Once the parties agreed that KTA would analyze the siding, counsel for the Lewises re-confirmed their acceptance of Benjamin Moore's proposal stating:

> [P]lease be advised that Merle and Barb [Lewis] are more than willing to go along with your proposal. Would you please let me know when you might be making the arrangements so that we can coordinate the effort.

[¶ 11.]KTA's report concluded, "the Benjamin Moore coatings did not cause nor contribute to adhesion problems experienced on the exterior of the Lewis residence." Given the unambiguous terms of the parties' compromise agreement and the unambiguous conclusion of KTA's report, nothing remained for the trial court's consideration in an evidentiary hearing. Therefore, the trial court committed no error in summarily enforcing the agreement by dismissing the Lewises' complaint in conformity with the express terms of the agreement.

[¶ 12.]Affirmed.

[¶ 13.]MILLER, C.J., and SABERS, AMUNDSON, KONENKAMP, and GILBERTSON, JJ., participating.

