PETERSON v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.
March 16, 1925. Rehearing Denied
April 27, 1925.)

No. 4418.

1. Criminal law ⊜369(6)—In prosecution for maintaining nuisance, evidence of previous sales of liquor admissible.

In a prosecution for maintaining a common nuisance, evidence of sales of liquor on the premises shortly before the date alleged is admissible.

2. Indictment and information ⊜176—Commission of offense need not be proved on exact date laid in indictment.

An averment in an indictment that an offense was committed on a certain date does not limit the proof to that date.

3. Criminal law ⊜761(9)—Assumption in instructions of facts admitted by defendant is not error.

In instructions the court may properly assume the existence of facts admitted by defendant as a witness.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; William H. Sawtelle, Judge.

Criminal prosecution by the United States against Herman Peterson. Judgment of conviction, and defendant brings error. Affirmed.

J. J. Sullivan, of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was convicted upon three counts of an indictment which charged (1) that he made a sale of whisky on January 25, 1924; (2) that he was in the unlawful possession of whisky and beer on February 1, 1924; (3) that he maintained a nuisance on February 1, 1924.

[1] We find no error in the admission of testimony that the plaintiff in error made a sale of liquor on January 20, 1924. The evidence was admissible as tending to show that on a later date the plaintiff in error maintained a nuisance, as charged in the last count, and the trial court so ruled. In Strada v. United States (C. C. A.) 281 F. 143, this court held that it was not error to receive evidence of sales of liquor made a few days prior to the time charged

in an indictment for maintaining a common nuisance, since it tended to establish an unlawful status not limited in duration to the precise time of the occurrence charged.

[2] Error is assigned to the instruction to the jury on the subject of the defense of alibi to the charge of the sale of whisky on January 25, 1914. The plaintiff in error testified, and introduced a witness to corroborate him, that on that date he was not at the place where the offense was charged to have been committed. The court charged the jury that it was not absolutely necessary that the particular offense should be shown to have been committed on the 25th; that if there was a mistake in the date, and if as a matter of fact the plaintiff in error did sell whisky to a named witness either on the 24th, 25th, or 26th, the proof would be sufficient; and if the evidence convinced the jury that the sale was actually made on or about the date alleged they would be justified in finding the defendant guilty on that charge. We find no error in the instruction. Bishop, New Crim. Procedure, § 386; Louie Ding Co. v. United States, 246 F. 80, 158 C. C. A. 306; Young v. United States, 249 F. 936, 162 C. C. A. 133; Shea v. United States, 251 F. 440, 163 C. C. A. 451.

[3] Exception was taken to the instruction to the jury in which the court said: "Now, according to the defendant Peterson, he is guilty of unlawfully possessing what was found in the ice box; although a small quantity, it was a violation of the law." It is contended that what the court thus said was not a mere statement of opinion, but was a declaration of a rule of law incorrectly stated, and that thereby the court assumed the existence of facts which were within the province of the jury to determine. The plaintiff in error in his testimony had admitted possession of both the beer and the whisky, and under the circumstances disclosed by him his possession could not have been otherwise than unlawful. There was no possibility that the instance could have been one of lawful possession under any statute or regulation made pursuant thereto. In declaring that the possession was unlawful, the court did no more than to state the law applicable to the admitted facts.

Error is assigned to a requested instruction on the subject of the presumption of innocence, to which the plaintiff in error was entitled. But the record shows that appropriate instruction was given on that subject,

in that the court charged the jury that the plaintiff in error was presumed to be innocent until his guilt was established by the evidence beyond a reasonable doubt, and the court properly defined reasonable doubt.

We find no error. The judgment is affirmed.