Nicolas QUIJANO, et al., Plaintiffs,

v.

EAGLE MAINTENANCE SERVICES, INC., Defendant.

Civil Action No. 95cv1281 RMU.

United States District Court, D. Columbia.

Jan. 15, 1997.

John F. Kennedy, Kathleen A. Dolan, Kennedy & Dolan, Washington, D.C., for Plaintiffs.

Anton Weiss, Pascal & Weiss, Washington, D.C., for Defendant.

**MEMORANDUM ORDER**

**Denying Defendant's Motion for Summary Judgment; Denying Plaintiffs' Motion to Dismiss Without Prejudice; and Taking Plaintiffs' Motion for Court Approved Notice to Potential Plaintiffs Under Advisement**

URBINA, District Judge.

### I. Introduction

This matter comes before the court upon defendant's motion for summary judgment,

plaintiffs' motion to dismiss defendant's counterclaim and plaintiffs' motion to provide court-approved notice to potential plaintiffs. Defendant moves for enforcement of a purported settlement agreement reached with the plaintiffs. Plaintiffs move to dismiss defendant's counterclaim for breach of the purported settlement agreement. Finally, plaintiffs petition the court to allow them to notify present and past employees of the defendant of the present action.

After considering the parties' submissions and the governing law the court concludes the following: Defendant's motion for summary judgment shall be denied because an evidentiary hearing must be convened to determine whether or not the parties conduct constitutes a settlement agreement; plaintiffs' motion to dismiss shall be denied without prejudice as its resolution is dependent upon the issue of whether a settlement agreement exists; and plaintiffs' motion to provide notice to potential plaintiffs shall be taken under advisement.

## II. Background

Plaintiffs, Nicolas Quijano and fourteen other similarly situated workers, are present and former employees of defendant, Eagle Maintenance Services. They have filed this action pursuant to the Federal Fair Labor Standards Act (FLSA), which requires employers to pay each employee at least 1.5 times the regular pay rate for hours worked in excess of 40 hours a week. 29 U.S.C. § 207(a)(2). An employer who violates §§ 206 or 207 of the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid over-time compensation—as the case may be—and in an additional equal amount as liquidated damages." *Id.* The statute also provides that "the court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow reasonable attorney's fees to be paid by the defendant, and costs of the action." *Id.* Plaintiffs seek the following relief: overtime wages, liquidated damages and reasonable attorneys' fees.[1]

Prior to filing the complaint, the parties engaged in settlement discussions. These discussions are at the center of the dispute between the parties. Defendant argues, in its motion for summary judgment, that through a series of letters the parties reached a settlement agreement. Plaintiffs, however, disagree. Defendant claims that the attorneys' fees request constitutes plaintiffs' breach of the settlement agreement because this issue was not covered by the purported agreement. Defendant has thus refused to pay the requested fees.

On July 7, 1995, plaintiffs wrote a letter to the defendant delineating the breakdown in negotiations and advised the defendant that they would be filing the present complaint. Defendant then hand-delivered a letter stating that the enclosed pay checks were being tendered to settle the matter based upon defendant's calculations of unpaid wages owed to plaintiffs. Plaintiffs' counsel then immediately returned the checks and filed this action.

## III. Motion for Summary Judgment

### A. Introduction

The question before the court is whether the communications engaged in between the parties constitute a binding settlement agreement. Defendant asserts that plaintiffs offered to settle their claims for the payment of their overtime wages. Defendant claims that plaintiffs' settlement offer is contained in a June 7, 1995 letter.[2] Defendant further states that a letter dated June 16, 1995 con-

---

1. Plaintiffs allege that defendant's actions were willful and intentional. They claim that defendant supervisors demanded overtime from employees and at times threatened termination if plaintiffs questioned the quantity of hours to be worked. Plaintiffs also aver that in some instances they were required to work over 130 hours in a two-week period without overtime pay.

2. The June 7, 1995 letter states, in pertinent part,

This letter serves to memorialize our conversation of this day regarding several [ ] employees [ ] and the issue of their unpaid wages.
These employees are in the same position as other employees involved in the recent civil action (*Portillo, et. al. v. Eagle Maintenance & Janitorial Services, Inc.*, Civil Action No. 94-1228). Given the recent case and the similar cause of action, we are willing to resolve this matter amicably.

stitutes the defendant's acceptance of plaintiffs' offer.[3] Defendant claims that plaintiffs subsequently attempted to include attorneys' fees in the purported settlement agreement and in effect sought to enlarge the alleged settlement amount thereby effectuating a breach of the purported agreement.

Defendant has filed a motion for summary judgment claiming that there are no material facts in dispute concerning the purported settlement agreement. The defendant, however, assumes that a settlement agreement exists.[4] Plaintiffs, on the other hand, assert that no settlement agreement exists. Plaintiffs point to several letters that the parties exchanged subsequent to the June 16, 1995 letter.[5] Since the defendant is seeking to enforce a purported settlement agreement, the court shall treat its motion as one to enforce a settlement agreement. *See Autera v. Robinson, et al.,* 419 F.2d 1197 (D.C.Cir. 1969).

## B. Discussion [6]

The enforcement of settlement agreements is governed by state contract law. *Blum v. Morgan Guaranty Trust Co. of New York,* 709 F.2d 1463, 1467 (11th Cir. 1983). In the District of Columbia, a complete enforceable contract exists when there is (1) an agreement as to all the material terms; and (2) an intention of the parties to be bound. *Georgetown Entertainment Corp. v. District of Columbia,* 496 A.2d 587, 589

(D.C.1985). The interpretation of contract documents is a question of law. *Id.*

When seeking the enforcement of a settlement agreement, a party has no right to a jury trial. "[T]he right to have a jury determine issues of fact turns essentially on whether the claim to which those issues relate is legal or equitable." *Hensley v. E.R. Carpenter Co., Inc.,* 633 F.2d 1106, 1110 n. 5 (5th Cir. Unit A 1980). "The motion to enforce the settlement agreement essentially is an action to specifically enforce a contract." *Adams v. Johns–Manville Corp.,* 876 F.2d 702, 709 (9th Cir.1989). A claim for specific performance is an equitable action. *Hensley,* 633 F.2d at 1110 n. 5. "This is so even if the party resisting specific enforcement disputes the formation of the contract." *Adams,* 876 F.2d at 709–10. Purely equitable claims, even those involving factual disputes, are matters to be resolved by the court rather than a jury. *Hensley,* 633 F.2d at 1110 n. 5. The party moving for enforcement of the alleged agreement must establish by clear and convincing evidence that the parties entered into a settlement agreement resolving all issues. *Anschutz v. Radiology Associates of Mansfield, Inc., et. al.,* 827 F.Supp. 1338, 1343 (N.D.Ohio 1993).

Ordinarily, a district court can enforce a settlement agreement through summary proceedings. *See Autera v. Robinson,* 419 F.2d 1197, 1200 (D.C.Cir.1969); *Adams v. Johns–Manville Corporation, et al.,* 876

---

**3.** The June 16, 1995 letter states, in pertinent part,

> In connection with the [ ] employees claiming unpaid wages, based on a review of our records these employees were paid straight time for some hours worked in excess of forty (40) hours per week.
> Following is a summary of these hours and the related dollar amount due relating to the differences between straight time and time and one half.
> To resolve this matter we will prepare a check for each of these individuals, immediately. In addition, we have put controls in place to ensure that this oversight will not occur in the future, and we are in the process of reviewing our records for all employees to determine if any additional amounts are due.
> I hope is [sic] to resolve this matter expeditiously. If you have any questions or need additional information, please do not hesitate to contact me.

**4.** It is important to note that the cases the defendant relies on did not involve the issue of whether a settlement agreement existed. Rather, the cases involved the interpretation of the terms of an agreement that the parties acknowledged existed.

**5.** In a June 15, 1995, defendant's counsel requested additional time to "develop information on his side." In a June 16, 1995 facsimile, defendant's counsel also stated that the defendant was not waiving its statute of limitations defense. In a June 30, 1995 facsimile, defendant's counsel advised plaintiffs' counsel that he had directed his client to resolve the issue of overtime wages with plaintiffs' counsel. Defendant's counsel also stated that its client would not pay damages and/or attorney's fees.

**6.** The court must unfortunately note that the parties inadequately briefed the issues at hand.

F.2d 702, 707 (9th Cir.1989); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir.1987); *Mid–South Towing Co. v. Har–Win, Inc.*, 733 F.2d 386, 389 (5th Cir.1984); *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir.), *cert. denied*, 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976). However, the district court's power to summarily enforce an agreement only extends to complete settlement agreements whose existence is not disputed. *Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir.1983); *see also Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir.1984). Where the parties dispute the existence of the agreement, an evidentiary hearing is required. *Autera*, 419 F.2d at 1203; *see also Callie*, 829 F.2d at 889 (*citing Russell v. Puget Sound Tug & Barge Co.*, 737 F.2d 1510, 1511 (9th Cir.1984) (holding that the district court abused its discretion by not conducting an evidentiary hearing to determine whether a settlement agreement existed); *Gatz, et. al. v. Southwest Bank of Omaha, et al.*, 836 F.2d 1089, 1095 (8th Cir.1988) (stating that a district court must hold an evidentiary hearing when there is a substantial factual dispute concerning the existence of a settlement agreement). The district court must have the opportunity to make credibility determinations and the parties should be afforded the benefit of cross-examination so that factual issues may be adequately explored.[7] *Autera*, 419 F.2d at 1202; *Gatz v. Southwest Bank of Omaha*, 836 F.2d 1089, 1094 (8th Cir.1987); *Ford v. Citizens and Southern National Bank*, 928 F.2d 1118, 1120 (11th Cir.1991); *Adams v. Johns–Manville Corporation*, 876 F.2d 702, 707 (9th Cir.1989).

In this case, the issue is whether the conduct between counsel reached the level of an enforceable settlement agreement. Without the benefit of an evidentiary hearing, the court is unable to conclude that such an agreement exists. Defendant claims that the agreement was limited to the unpaid wages due to the plaintiffs. Plaintiffs, however, claim that they attempted to settle this matter based on the relief provided in the FLSA, including payment of attorneys' fees and liquidated damages. Because the parties dispute the existence of a settlement agreement and because the court cannot presently conclude that the communications between counsel constitute such an agreement, the court must hold an evidentiary hearing and determine whether such an agreement in fact exists. Accordingly, defendant's motion for summary judgment is denied.

### III. Plaintiffs' Motion to Dismiss Defendant's Counterclaim

In its answer, defendant counterclaims for breach of the alleged settlement agreement. Plaintiffs have moved, pursuant to Federal Rules of Civil Procedure 12(b)(6), to dismiss this counterclaim. Defendant's counterclaim is dependent upon a finding that there was indeed a settlement agreement in existence. Since the court has concluded that, at present, it cannot find that a settlement agreement exists, plaintiffs' motion is denied without prejudice.

### IV. Plaintiffs' Motion for Court Approved Notice to Potential Plaintiffs

Plaintiffs petition this court to allow them to distribute notice and consent forms, in English and Spanish, to present and past employees of defendant. These forms would inform potential plaintiffs of the present action. Defendant opposes such a request and states that the court should first determine the issue of defendant's liability to the named plaintiffs before addressing the issue of whether other potential plaintiffs should be informed of the present action. The defendant states that if it is not liable to the present plaintiffs then the issue of notice to other potential plaintiffs becomes moot.

This motion has been fully briefed by the parties. Plaintiffs' motion would, however, become moot if the court concludes after the evidentiary hearing that there was indeed a settlement agreement entered into by the

---

7. In *Autera*, the district court conducted a five-minute hearing on a motion to enforce a settlement agreement. The parties were unable to cross-examine witnesses. The D.C. Circuit reversed and remanded. The court noted the following deficiencies: "[T]he opportunity to judge the credibility was nonexistent; the opportunity to probe by cross-examination was completely lacking." *Id.* at 1202.

parties. Accordingly, the court will rule on this motion after the hearing.

**ORDERED** that defendant's motion for summary judgment be **denied;** and it is

**FURTHER ORDERED** that plaintiffs' motion to dismiss be **denied without prejudice;** and it is

**ORDERED** that plaintiffs' motion for court-approved notice be taken under advisement; and it is

**FURTHER ORDERED** that this matter be set for an evidentiary hearing/settlement conference on March 14, 1997 at 9:00 a.m.[8]

**SO ORDERED.**

---

8. The parties are strongly encouraged to meet and confer to attempt to settle this matter, as a similar case to this one has already settled. *See Portillo v. Eagle Maintenance*, Civil Action No. 94–1228.. If the parties do not settle this matter, they shall be required to meet and discuss settlement prior to the hearing. If the parties are still unable to reach a settlement, they shall be prepared to proceed with the evidentiary hearing.