BELL–ATLANTIC–WASHINGTON, DC, Plaintiff.

v.

**Syed H. ZAIDI, Defendant.**

**Civil Action No. 97–467–A.**

United States District Court, E.D. Virginia, Alexandria Division.

Dec. 5, 1997.

Amended Order Filed, Dec. 10, 1997.

Betty S.W. Graumlich, McSweeney, Burtch & Crump, Richmond, VA, for Plaintiff.

Syed H. (Nayyar) Zaidi, Woodbridge, VA, pro se.

## *MEMORANDUM OPINION*

CACHERIS, District Judge.

This matter comes before the Court on Plaintiff Bell–Atlantic–Washington, DC's ("Bell Atlantic") Motion for Summary Judgment. For the reasons set forth below, Plaintiff's Motion is GRANTED.

### I.

On April 26, 1994, Bell Atlantic entered into a Settlement Agreement and General Release (the "Settlement Agreement") with Zaidi, a former Bell Atlantic employee who had made claims of national origin and disability discrimination and personal injury against Bell Atlantic. Under the Settlement Agreement, Bell Atlantic paid to Zaidi the sum of $150,000.00 in exchange for a full release of any and all claims that Zaidi had or could have had against Bell Atlantic arising out of his employment with Bell Atlantic, the termination of his employment and "all circumstances related thereto" or any other

matter up to the date on which he executed the Settlement Agreement. Zaidi signed the Settlement Agreement and accepted and retained the consideration paid to him.

During the time leading up to the negotiation of the Settlement Agreement, Zaidi wrote many threatening letters and made many threatening phone calls to Bell Atlantic officers and directors. Bell Atlantic thus included Paragraph THIRD in the Settlement Agreement which prohibits Zaidi from writing to Bell Atlantic officers and directors or to third parties about matters concerning Bell Atlantic. The Settlement Agreement specifically requires Zaidi to return the consideration paid to him under the Settlement Agreement if he breaches Paragraph THIRD of the Settlement Agreement.

Three years after signing the Settlement Agreement and accepting the $150,000.00 check from Bell, Zaidi sent a letter to the Chairman and CEO of Bell Atlantic Corporation, Raymond W. Smith, among others, in which he tried to resurrect his "settled" claims and extort more money out of Bell Atlantic. Bell Atlantic brought the current suit, claiming that Zaidi breached Paragraph THIRD of the Settlement Agreement, and seeking recovery of the $150,000.00 that Bell Atlantic paid to him. In response, Zaidi filed eight counterclaims against Bell Atlantic: retaliatory discharge (Count 1); fraud and deceit in procurement of resignation (Count 2); solicitation to participate in a conspiracy to defraud U.S. Government (Count 3); conspiracy to induce behavior that would then be made the basis of harassment (Count 4); breach of contract and failure to honor contractual commitment to protect Zaidi (Count 5); intentional infliction of emotional distress (Count 6); breach of commitment to pay for forced extra work done at leisure time (Count 7); and negligence in adhering to and willful violations of Rule 11(b) (Count 8).

Bell Atlantic argues that it is entitled to summary judgment on its breach of contract claim against Zaidi because Zaidi knowingly sent letters to three people in clear violation of the terms of the Settlement Agreement. In addition, Bell Atlantic argues that it is entitled to summary judgment on all of Zaidi's counterclaims because, with the exception of Count 8, Zaidi's counterclaims are nothing more than an attempt to resurrect the very claims that led to the Settlement Agreement. Bell Atlantic argues that in addition to the fact that Count 8 fails to state a claim upon which relief can be granted, the Court has already ruled against Zaidi on his various motions to dismiss and motions for sanctions.

## II.

Summary Judgment is proper when, viewed in a light most favorable to the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Runnebaum v. NationsBank of Maryland, N.A.,* 95 F.3d 1285, 1287 (4th Cir.1996). The essence of the inquiry made by the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III.

### A. Bell Atlantic's Claims

An agreement to settle a legal dispute is a contract. *Village of Kaktovik v. Watt,* 689 F.2d 222, 230 (D.C.Cir.1982). The applicable law in this case is District of Columbia state law. A complete enforceable agreement exists, under District of Columbia law, when there is an agreement as to all material terms and the parties have the intention to be bound by the agreement. *Quijano v. Eagle Maintenance Services, Inc.,* 952 F.Supp. 1, 3 (D.D.C.1997). It is undisputed that Zaidi is the party who initiated the settlement discussions. It is also undisputed that, after the Settlement Agreement was drafted, Zaidi was given twenty-one days to decide whether to sign the Settlement Agreement and then seven additional days after signing in which to rescind. Before signing the Settlement Agreement, Zaidi asked that

two changes be made to the contract. The parties agreed that Zaidi's date of discharge be delayed for two additional weeks and also that the $150,000.00 paid to Zaidi would not be taxable. Only after these negotiations did Zaidi sign the contract. Given these undisputed facts, the Court finds that a complete enforceable agreement between Bell Atlantic and Zaidi exists under the Settlement Agreement.

■ Upon one party's breach of a settlement contract, the other party may obtain damages or specific performance as appropriate. *Village of Kaktovik*, 689 F.2d at 230. "Each party agrees to extinguish those legal rights it sought to enforce through litigation in exchange for those rights secured by the contract." *Id.* When Zaidi assented to the settlement with Bell Atlantic, he gave up his legal right to a determination on the merits of any claims that he had or could have had against Bell Atlantic arising out of his employment with Bell Atlantic, the termination of his employment, and "all circumstances related thereto" or any other matter up to the date on which he executed the Settlement Agreement. In exchange, he received a check in the amount of $150,000.00. Paragraph THIRD of the Settlement Agreement states:

> Zaidi agrees that neither he nor anyone acting on his behalf will write to, telephone, or otherwise contact any third party concerning any matter involving the Company or its parent or affiliates, or their successors or assigns, or the current or former directors, officers, employees or agents of any of them, on any subject whatsoever, except as provided in paragraph FIFTH[1] of this SETTLEMENT AGREEMENT AND GENERAL RELEASE. If Zaidi should violate any of his objections under this paragraph THIRD, in addition to any other remedies available to Company for Zaidi's breach of this paragraph THIRD ... Zaidi will immediately return to the Company any payments already made to Zaidi under paragraph FOURTH[2] below.

On February 20, 1997, Zaidi breached this agreement by writing a letter to three Bell Atlantic officials: Mr. Raymond Smith, Chairman & CEO of Bell Atlantic Corporation (Plaintiff's parent corporation); Mr. Richard Jalkut, President & CEO (sic) of NYNEX Corporation, and Mr. James Cullen, President (sic) of Bell Atlantic Corporation. Zaidi then continued to write a series of letters to other officials, totaling more than ten letters from February through October, 1997. Zaidi does not deny that he wrote these letters, but argues that his understanding of the Settlement Agreement was that he could contact Bell Atlantic officials in order to make changes to the Settlement Agreement. Zaidi's own words, however, make it clear that he understood the terms of the contract, that he would be required to repay the $150,000.00 if he attempted to communicate with Bell Atlantic officials or employees. In his February 20 letter, Zaidi wrote:

> [The Settlement Agreement] has this awesome "threat" that if I violated the terms (which include never even approaching a Bell Atlantic official), your lawyers would go to court to recover the $150,000 paid to me.

> Suffering from depression and not much to do, I will be firing off letters and documents in all directions. If I have financial stability, I am a talented person and would find a lot of other things to do. The only way out of this situation is to re-settle.

> [I]n my case, even if you hire a powerful law firm, its job would not be to obtain a dismissal of the suit but an acceptance because it would be your lawsuit against me to recover $150,000. So, then what happens? Discovery, Request for Admissions, interrogatories under oath ... and other goodies. And thanks to the ground work done by your lawyer you would then be giving depositions and appearing on the witness stands. You see the spot your

---

1. Paragraph FIFTH allows Zaidi to disclose terms of Settlement Agreement to his wife, to legal counsel, or to a tax or financial advisor.

2. Paragraph FOURTH requires Bell Atlantic to pay Zaidi the sum of $150,000.00.

lawyer has put you in? ... I need to rest and have resources to have treatment for depression. You give me a settlement that enables me to take care of that, and you won't hear from me again.

Zaidi also seems to claim that he was somehow coerced into signing the Settlement Agreement. As previously stated, this Court finds that Zaidi entered into the contract knowingly and willingly as evidenced by his initiation of the settlement negotiations, the length of time given to Zaidi in order for him to have the opportunity to think about what he was signing, and the fact that Zaidi made changes to the Settlement Agreement which allowed him to remain on Bell Atlantic's payroll for additional time and provided that the $150,000.00 settlement payment would be tax free. The Court takes note of the fact that Zaidi is a pro se defendant and has carefully examined his claims in this light but finds that Zaidi has had previous experience in this Court and demonstrates an understanding of the consequences of his signing the Settlement Agreement. Additionally, the Court notes that Zaidi has had conversations with an attorney on a few occasions to receive advice on his claims. The Court finds that the Settlement Agreement is therefore valid and that Zaidi clearly breached Paragraph THIRD of the Settlement Agreement. Accordingly, Bell Atlantic's Motion for Summary Judgment on Count I of its Complaint is GRANTED.

### B. Zaidi's Counterclaims

The Court finds that Zaidi's counterclaims 1 through 7 are barred by terms of the Settlement Agreement. Alternatively, these counterclaims are time barred by the statute of limitations. Zaidi's counterclaim numbered 8, "negligence in adhering to and willful violations of Rule 11(b)," has already been decided by this Court. By Orders dated July 11, 1997 and July 30, 1997, the Court denied each of Zaidi's motions to dismiss and motions for sanctions. Accordingly, Bell Atlantic's Motion for Summary Judgment in its favor on Zaidi's counterclaims is GRANTED.

### AMENDED ORDER

For reasons stated in open court, it is accordingly ORDERED:

(1) that the Plaintiff's Motion for Summary Judgment is GRANTED as to Count I. Counts II and III of the Complaint are dismissed without prejudice.

(2) that the Defendant's Counterclaim is DISMISSED with prejudice.

(3) that the Plaintiff, Bell Atlantic—Washington, D.C., Inc. is awarded judgment against the Defendant Syed Haider Karrar Zaidi in the amount of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,-000.00) plus interest at the rate of 9 percent per annum from date of judgment until paid, plus costs.

(4) if the defendant wishes to appeal, he shall file his notice of appeal with the Clerk of the Court within thirty days of the date of entry of this Order.

(5) that the Clerk shall forward copies of this Order to all counsel of record, and to the defendant pro se.