# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 103

Rocket Dogs K-9 Aquatics & Wellness Center, LLC,     Plaintiff and Appellant

      v.

Derheim, Inc., a North Dakota corporation
d/b/a My Aquatic Services and Troy Derheim,
an individual,                                        Defendants and Appellees

## No. 20220246

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Stephannie N. Stiel, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Joshua A. Swanson (argued), Bailey J. Voge (appeared), and MacKenzie L. Hertz (on brief), Fargo, ND, for plaintiff and appellant.

Brandt M. Doerr, Fargo, ND, for defendants and appellees.

**Bahr, Justice.**

[¶1]   Rocket Dogs K-9 Aquatics & Wellness Center, LLC ("Rocket Dogs") appeals from a judgment dismissing its action against Derheim, Inc., dba My Aquatic Services, and Troy Derheim ("Derheim"), with prejudice. We conclude the district court did not err in granting Derheim's motion to enforce settlement and in deciding questions of fact, rather than submitting the issue to a jury, on whether Rocket Dogs authorized its previous counsel to settle its claims. The court's findings the parties entered into a binding and enforceable settlement agreement are not clearly erroneous, and the court did not abuse its discretion in enforcing the agreement. We affirm.

I

[¶2]   Rocket Dogs is a North Dakota company that operated an indoor dog waterpark offering physical therapy and open swim for dogs. Julie Saatoff is the sole owner of Rocket Dogs. In 2019, Rocket Dogs contracted with Derheim to construct an aquatics system for its indoor waterpark. In August 2021, Rocket Dogs commenced this action against Derheim asserting claims related to Derheim's construction of the aquatics system for Rocket Dogs. Derheim answered and counterclaimed for recovery of unpaid balances due and owing.

[¶3]   In May 2022, Derheim moved the district court to enforce a settlement of the case. Rocket Dogs opposed the motion. After a June 2022 hearing, the court determined material fact issues existed and set an evidentiary hearing on the motion. The parties filed supplemental briefing in support of and opposing the motion. In August 2022, the district court held an evidentiary hearing on Derheim's motion to enforce settlement.

[¶4]   After the August 2022 evidentiary hearing, the district court granted the motion to enforce settlement, incorporating findings the court made on the record at the hearing. The court found the essential terms of the settlement agreement were for a "mutual release and walk-away and dismissal of the lawsuit" ("The mutual dismissal with no money exchanged and dismissal.");

clear and convincing evidence showed Rocket Dogs' former attorney had express authority to settle the case; and the settlement was fairly made, final and conclusive, and based on good consideration. A judgment was entered dismissing the action with prejudice.

## II

[¶5]   Rocket Dogs argues the district court erred in granting Derheim's motion seeking to enforce the alleged settlement agreement.

[¶6]   "A settlement agreement is a contract between parties, and thus contract law applies." *Ryberg v. Landsiedel*, 2021 ND 56, ¶ 13, 956 N.W.2d 749 (quoting *Lund v. Swanson*, 2021 ND 38, ¶ 9, 956 N.W.2d 354); *see also Kuperus v. Willson*, 2006 ND 12, ¶ 11, 709 N.W.2d 726. "In North Dakota, the law looks with favor upon compromise and settlement of controversies between parties, and where the settlement is fairly entered into, it should be considered as disposing of all disputed matters which were contemplated by the parties at the time of the settlement." *Kuperus*, at ¶ 10 (quoting *Vandal v. Peavey Co.*, 523 N.W.2d 266, 268 (N.D. 1994)); *see also Thomas C. Roel Assoc., Inc. v. Henrikson*, 295 N.W.2d 136, 137 (N.D. 1980) (district court has "authority to enter judgment in accordance with the terms of a compromise agreement").

[¶7]   "When a settlement is fairly made before trial, it 'takes on the character of a contract between the parties and is final and conclusive, and based on good consideration.'" *Kuperus*, 2006 ND 12, ¶ 10 (quoting *Bohlman v. Big River Oil Co.*, 124 N.W.2d 835, 837 (N.D. 1963)). "A settlement will not be set aside absent a showing of fraud, duress, undue influence, or any other grounds for rescinding a contract." *Id.*

[¶8]   "[A]n attorney may not compromise a client's claims in the absence of express authority[,] and . . . an attorney may not waive a client's substantial rights without the client's consent." *Ryberg*, 2021 ND 56, ¶ 14; *see also Midwest Fed. Sav. Bank v. Dickinson Econo-Storage*, 450 N.W.2d 418, 421 (N.D. 1990). Whether an attorney has been given express authority to settle a claim normally presents a question of fact. *Ryberg*, at ¶ 14; *Midwest Fed.*, at 420. The

existence of an oral contract and the extent of its terms are also questions of fact:

> Courts will not enforce a contract which is vague, indefinite, or uncertain, nor will they make a new contract for the parties. An oral contract can be enforced only *when the parties have agreed on its essential terms*. An agreement which is so uncertain and incomplete as to any of its essential terms that it cannot be carried into effect without new and additional stipulations between the parties is not enforceable. Indefiniteness as to any essential element of the agreement may prevent the creation of an enforceable contract. An agreement to agree in the future which is not sufficiently definite to enable a court to give it an exact meaning is not an enforceable obligation.

*Ryberg*, at ¶ 15 (quoting *Tarver v. Tarver*, 2019 ND 189, ¶ 9, 931 N.W.2d 187 (cleaned up)) (emphasis added).

[¶9] The district court's findings of fact are reviewed under the clearly erroneous standard. *Great Plains Royalty Corp. v. Earl Schwartz Co.*, 2022 ND 156, ¶ 13, 978 N.W.2d 715. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all of the evidence, this Court is convinced a mistake has been made. *Id.* Conclusions of law are fully reviewable. *Id.*

[¶10] Here, in granting Derheim's motion to enforce settlement, the district court held a full evidentiary hearing on the motion and received testimony and exhibits into evidence. The court made specific findings of fact and conclusions of law on the record, holding Rocket Dogs' former attorney had express authority to settle the case and the parties agreed to settle the case on the essential terms.

### III

[¶11] Rocket Dogs argues the district court erred in granting Derheim's motion to enforce settlement because there were factual issues regarding whether the parties entered into a binding and enforceable settlement agreement. Rocket Dogs argues this Court should apply the standards of N.D.R.Civ.P. 56 to

motions to enforce settlement made within a case. Rocket Dogs contends the district court should have denied Derheim's motion because genuine issues of material fact precluded granting the motion.

[¶12] Generally, "[s]ettlement agreements are valid and enforceable by either party either at law or in equity." 15A C.J.S. *Compromise & Settlement* § 77 (April 2023 Update) (footnotes omitted).

> The trial court may take one of three possible avenues to decide a motion to enforce a settlement agreement: (1) hold an evidentiary hearing on the motion to determine disputed facts and then enter judgment after taking evidence to prove the agreement and any defenses that the nonmoving party may proffer, (2) dispose of the motion on the pleadings, or (3) treat the motion as akin to one for summary judgment.

*Id.* (footnotes omitted). Additionally, in *Estate of Holland v. Metropolitan Property & Casualty Insurance Company*, 279 P.3d 80, 86 (Idaho 2012), the court discussed what it considered the "better practice":

> A settlement agreement "supersedes and extinguishes all pre-existing claims the parties intended to settle." *Vanderford Co., Inc. v. Knudson*, 150 Idaho 664, 670, 249 P.3d 857, 863 (2011). "A party to a lawsuit in which a settlement agreement is subsequently reached need not initiate a new civil lawsuit to enforce the settlement agreement." *Id.* Although the better practice is to amend the pleadings to a cause of action based upon the settlement agreement, a party seeking to enforce the agreement can also do so by motion in the existing lawsuit before it is dismissed. *Id.* "A motion for the enforcement of a settlement agreement is treated as a motion for summary judgment when no evidentiary hearing has been conducted." *Id.* at 671, 249 P.3d at 864.

[¶13] Courts have further explained summary enforcement is not appropriate and an evidentiary hearing is required when the parties dispute the existence of a settlement agreement:

> Ordinarily, a district court can enforce a settlement agreement through summary proceedings. *See Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C. Cir. 1969); *Adams v. Johns-Manville*

4

*Corporation, et al.*, 876 F.2d 702, 707 (9th Cir. 1989); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987); *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984); *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir.), *cert. denied*, 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976). However, the district court's power to summarily enforce an agreement only extends to complete settlement agreements whose existence is not disputed. *Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir. 1983); *see also Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984). Where the parties dispute the existence of the agreement, an evidentiary hearing is required. *Autera*, 419 F.2d at 1203; *see also Callie*, 829 F.2d at 889 (citing *Russell v. Puget Sound Tug & Barge Co.*, 737 F.2d 1510, 1511 (9th Cir. 1984) (holding that the district court abused its discretion by not conducting an evidentiary hearing to determine whether a settlement agreement existed); *Gatz, et. al. v. Southwest Bank of Omaha, et al.*, 836 F.2d 1089, 1095 (8th Cir. 1988) (stating that a district court must hold an evidentiary hearing when there is a substantial factual dispute concerning the existence of a settlement agreement). The district court must have the opportunity to make credibility determinations and the parties should be afforded the benefit of cross-examination so that factual issues may be adequately explored. *Autera*, 419 F.2d at 1202; *Gatz v. Southwest Bank of Omaha*, 836 F.2d 1089, 1094 (8th Cir. 1987); *Ford v. Citizens and Southern National Bank*, 928 F.2d 1118, 1120 (11th Cir. 1991); *Adams v. Johns-Manville Corporation*, 876 F.2d 702, 707 (9th Cir. 1989).

*Quijano v. Eagle Maint. Servs., Inc.*, 952 F. Supp. 1, 3-4 (D.D.C. 1997).

[¶14] In this case, the district court held a full evidentiary hearing to decide the disputed issues of fact. On the basis of the evidence presented, the court made specific findings of fact and conclusions of law on Rocket Dogs' former attorney's express authority and on the essential terms of the parties' agreement. The court determined the credibility and weighed evidence in reaching its factual findings.

[¶15] Because the district court did not summarily enforce the settlement agreement, but rather held an evidentiary hearing and made factual findings on disputed facts regarding the agreement, summary judgment standards did

not apply. Under these circumstances, the court did not err in conducting the evidentiary hearing and deciding fact issues regarding the entry into and existence of the parties' binding and enforceable settlement agreement.

IV

[¶16] Rocket Dogs argues the district court erred as a matter of law in holding the court, rather than a jury, would decide questions of fact on whether it expressly authorized its previous counsel to settle its claims and whether it was manifestly clear the parties entered into a binding and enforceable settlement agreement.

[¶17] Article I, section 13, of the North Dakota Constitution preserves the right to a jury trial in all cases in which it was a right at common law. *Murphy v. Murphy*, 1999 ND 118, ¶ 10, 595 N.W.2d 571; *Gen. Elec. Credit Corp. v. Richman*, 338 N.W.2d 814, 817 (N.D. 1983). "Whether a party is entitled to a jury trial depends on whether the case is an action at law or a claim in equity." *Murphy*, at ¶ 10 (quoting *Barker v. Ness*, 1998 ND 223, ¶ 6, 587 N.W.2d 183). "There is no absolute constitutional right to a jury trial in an equitable proceeding absent an express statutory provision." *Id.*

[¶18] Rocket Dogs argues the existence of a contract between Rocket Dogs and Derheim and whether they intended the proposed settlement agreement to be complete, final, and binding were questions of fact for a jury. Rocket Dogs contends, before Derheim would be entitled to specific performance of the purported settlement agreement, a jury would first need to determine whether there was a complete, final, and binding agreement and, further, that there was no compelling reason to carve out an exception for settlement agreements. *See Schumacher v. Schumacher*, 469 N.W.2d 793, 799 (N.D. 1991) (addressing issues and claims inextricably intermingled, and stating "[a] trial court cannot deprive a litigant of the right to a jury trial by resolving an equitable claim before the jury hears a legal claim raising common issues"). We disagree.

[¶19] Under N.D.C.C. § 32-04-07, a district court may compel specific performance of an obligation. "Historically, specific performance has been an equitable remedy and no jury trial is available on such claims." *Nw. Bell Tel.*

6

*Co. v. Cowger*, 303 N.W.2d 791, 794 (N.D. 1981). Courts have held a motion to enforce a settlement agreement "essentially is an action to specifically enforce a contract." *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989); *see also Quijano*, 952 F. Supp. at 3. "This is so even if the party resisting specific enforcement disputes *the formation of the contract.*" *Adams*, at 709-10 (emphasis added). "Purely equitable claims, even those involving factual disputes, are matters to be resolved by the court rather than a jury." *Quijano*, at 3.

[¶20] A motion to enforce a settlement agreement is akin to an action to enforce a contract, and a request for specific performance without a claim for damages is equitable and tried to the court. *See Murphy*, 1999 ND 118, ¶ 10; *Sargent Cnty. Bank v. Wentworth*, 500 N.W.2d 862, 873 (N.D. 1993); *see also Farm Credit Bank of St. Paul v. Rub*, 481 N.W.2d 451, 458 (N.D. 1992) (stating even when a counterclaim seeks monetary damages, "[a] party is not entitled to a jury trial on a damage claim that is incidental to and dependent upon a primary claim for which a jury trial is not allowed").

[¶21] Moreover, this Court previously discussed the procedure for resolving legal and equitable claims in the same case:

> It is the general rule that legal issues entitling a party to a jury trial should be tried to the jury prior to the disposition of the equitable issues triable to the court. Whenever the issues *are so interrelated* that a decision in the nonjury portion might affect the decision of the jury portion, the jury portion is to be tried first, since otherwise the party entitled to the jury trial would be deprived of part or all of his right to a jury trial.

*Erickson v. Brown*, 2008 ND 57, ¶ 43, 747 N.W.2d 34 (quoting *Landers v. Goetz*, 264 N.W.2d 459, 463 (N.D. 1978)) (emphasis added); *see also Ask, Inc. v. Wegerle*, 286 N.W.2d 290, 295-96 (N.D. 1979).

[¶22] Here, Derheim's motion seeking to enforce the settlement agreement is not so interrelated with Rocket Dogs' underlying damage claims so as to require a jury trial before the evidentiary hearing on the motion. This is so even though Rocket Dogs disputes formation of the settlement agreement.

7

*Adams*, 876 F.2d at 709-10. Derheim's motion seeks an equitable remedy in specific performance based on the conduct of the parties and the attorneys in resolving the case. As such, Rocket Dogs is not entitled to a jury trial on what is properly deemed an equitable proceeding.

[¶23] We conclude the district court did not err in conducting an evidentiary hearing on the motion to enforce the settlement agreement without a jury.

V

[¶24] Rocket Dogs' remaining issues challenge the district court's specific findings of fact.

[¶25] Rocket Dogs argues the district court erred in finding it was manifestly clear it gave express authority to its previous counsel to settle its claims and the weight of the evidence does not support the court's erroneous finding Rocket Dogs' attorney had express authority to bind Rocket Dogs to the settlement agreement. Rocket Dogs further argues the weight of the evidence does not support the court's finding Rocket Dogs did not disavow the purported settlement agreement and the court erred in holding there was a final, enforceable settlement agreement between the parties.

[¶26] Here, the district court specifically found the essential terms of the settlement agreement were for mutual release and walk-away and dismissal of the lawsuit; clear and convincing evidence showed Rocket Dogs' previous attorney had express authority to settle the case; and the settlement was fairly made, final and conclusive, and based on good consideration. While there is conflicting evidence in the record, the court made its findings on the disputed issues after weighing the testimony and exhibits presented at the evidentiary hearing.

[¶27] Evidence in the record supports the district court's findings, and this Court will not reweigh the evidence under the clearly erroneous standard of review. As we have explained:

8

> Under the clearly erroneous standard of review, we do not reassess the witnesses' credibility or reweigh conflicting evidence. The district court has the advantage of judging the credibility of witnesses by hearing and observing them and of weighing the evidence as it is introduced, rather than from a cold record. A district court's choice between two permissible views of the evidence is not clearly erroneous. Nor do we substitute our judgment for a district court's decision merely because we might have reached a different result.

*Hoverson v. Hoverson*, 2015 ND 38, ¶ 6, 859 N.W.2d 390 (cleaned up); *see also Stanhope v. Phillips-Stanhope*, 2008 ND 61, ¶ 10, 747 N.W.2d 79 ("The district court has the advantage of judging the credibility of witnesses by hearing and observing them and of weighing the evidence as it is introduced, rather than from a cold record. When two parties present conflicting testimony on material issues of fact, as in the instant case, we will not redetermine the trial court's findings based upon that testimony." (cleaned up)); *In re T.J.K.*, 1999 ND 152, ¶ 17, 598 N.W.2d 781 ("We have stated, however, that where conflicting testimony is presented, our ability to examine a cold record is a poor substitute for the fact finder's opportunity to observe the demeanor of the witnesses.").

[¶28] We conclude the district court's findings are not clearly erroneous. We further conclude the court did not abuse its discretion in enforcing the parties' settlement agreement. *See Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (holding district court abused its discretion by not conducting an evidentiary hearing on the validity and scope of the settlement agreement); *Dale Expl., LLC v. Hiepler*, 2018 ND 271, ¶ 9, 920 N.W.2d 750 (specific performance rests in the sound discretion of the district court and will not be reversed on appeal absent an abuse of discretion).

VI

[¶29] We have considered the parties' remaining arguments and deem them either without merit or unnecessary to our decision. The judgment of dismissal is affirmed.

[¶30] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr