# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 95

ICON HD, LLC,                                          Plaintiff and Appellant

    v.

National Sports Opportunity Partners, LLC
and Michael R. Kuntz,                        Defendants and Appellees

### No. 20240265

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable John A. Thelen, Judge.

AFFIRMED IN PART AND REVERSED IN PART.

Opinion of the Court by Crothers, Justice.

Nicholas E. Evans (argued), Brent J. Edison and Steven F. Lamb (on brief), Fargo, ND, for plaintiff and appellant.

Benjamin E. Thomas, Fargo, ND, for defendants and appellees.

**Crothers, Justice.**

[¶1]  ICON HD, LLC appeals from a summary judgment entered in favor of National Sports Opportunity Partners, LLC and Michael Kuntz. The district court decided ICON HD's claims were resolved by an agreement settling former litigation between ICON HD and Kuntz. The court also decided res judicata barred the claims. We conclude plain terms of the settlement agreement released the claims against Kuntz but are ambiguous regarding the release of ICON HD's claims against NSOP. We affirm that part of the judgment dismissing ICON HD's claims against Kuntz, and reverse that part of the judgment dismissing ICON HD's claims against NSOP.

I

[¶2]  Kuntz is the sole owner of NSOP and was a founding member of ICON HD. Kuntz previously sued ICON HD, its other members, and ICON Architectural Group, LLC, claiming they wrongfully deemed him a member not in good standing and improperly terminated his employment with ICON HD. He asserted claims for breach of contract, fraud, tortious interference with a business relationship, breach of fiduciary duties, unjust enrichment, and defamation. The defendants counterclaimed for breach of contract, breach of fiduciary duties, conversion, and unjust enrichment. The defendants asserted in their counterclaim Kuntz harmed them by:

> "Securing personal profit in connection with and appropriating ICON resources through transactions involving Legacy Sports USA, LLC, a then-existing client of ICON and ICON HD. Kuntz formed two entities, National Sports Opportunity Partners, LLC ('NSOP') and Champion Gaming Operations, LLC, and then entered into various agreements with Legacy Sports through said entities, utilizing ICON resources and professional services for his personal benefit and investments. Kuntz also purchased an interest in Legacy Sports USA, LLC, without informing any of the existing members of ICON, and after becoming a member proceeded to interfere with

1

ICON's relationship with Legacy Sports USA, LLC resulting in Legacy Sports USA, LLC no longer being a client of ICON[.]"

They also sought damages from Kuntz, claiming he was:

"Appropriating ICON HD professional services for personal benefit and depriving ICON HD of a corporate opportunity by inserting Kuntz's wholly owned entity, NSOP, between ICON HD and Legacy Sports USA, LLC, in order to personally benefit himself and his investments[.]"

[¶3] The parties resolved the former lawsuit by settlement. The settlement agreement stated the parties "wish to forego further proceedings and to make a full and final settlement concerning Kuntz's membership interest in ICON and HD and any and all matters which could have been alleged in the Lawsuit." The settlement agreement contains a release of claims stating:

[9a:] "In consideration of the mutual promises set forth in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which are acknowledged, and subject to the exceptions stated in the paragraph below, the Parties release and forever discharge each other, and each other's representatives, agents, employees, and successors in interest, of and from any and all claims which were or could have been set forth in the Lawsuit as well as any other claims that may exist between the parties arising out of the operations of ICON and HD and the transfer of Kuntz's interests in ICON and HD, including, without limitation, any and all known or unknown claims for economic and noneconomic losses; and any and all other consequences, recoverable damages or equitable relief related to the claims made or which could have been made in the Lawsuit or otherwise arising out of the operations of ICON and HD and the transfer of Kuntz's interests in ICON and HD (the '**Release**')."

(Emphasis in original.) The settlement agreement also contains an exception to the release, stating:

[9b:] "Notwithstanding the foregoing, this Release shall not apply to the claims asserted by ICON in the 'TP Wellness Litigation,' filed as Case No. 18-2022-CV-01363; nor shall it apply to any claims arising

2

out of conduct relating to unnamed third parties including any entities in which Kuntz owns a membership interest in whole or in part. Further, this Release shall not apply to the existing unpaid promissory notes from members of ICON and/or HD to Kuntz, which shall remain in full force and effect according to their terms."

[¶4] ICON HD commenced this action approximately two months after executing the settlement agreement, asserting claims for breach of contract, unjust enrichment, and to pierce NSOP's corporate veil. ICON HD alleged in its complaint that Kuntz formed NSOP to invest in the Legacy Sports USA project, which is a sports facility being constructed in Arizona. ICON HD alleges Kuntz obtained an ownership interest in the project, NSOP served as a general contractor, and "Kuntz, as president of both NSOP and ICON HD, committed ICON HD to provide contractor services" to NSOP. ICON HD alleges Kuntz failed to sign a contract with NSOP "in violation of ICON HD's company practices and policies" and NSOP failed to make payments for sums it owed to ICON HD.

[¶5] Kuntz and NSOP moved for summary judgment seeking dismissal on grounds "ICON HD's claims in the Current Lawsuit are barred by the terms of the Settlement Agreement." Kuntz and NSOP's answer did not plead the affirmative defense of res judicata. The district court granted Kuntz and NSOP summary judgment. The court noted paragraph 9a of the settlement agreement releases claims "arising out of the operations" of ICON HD. The court reasoned the claims in this case "are basically a variation on a theme" of those raised in the former litigation and involve the operations of ICON HD "no matter how ICON HD dresses the claims up." The court also decided ICON HD's claims were barred by res judicata, reasoning the settlement agreement constitutes the final adjudication of claims and Kuntz is in privity with NSOP.

II

[¶6] ICON HD claims the district court erred when it decided the claims were barred by res judicata. The court explained in its order granting summary judgment that "[a]n individual who has 'full ownership of a close corporation and is in complete control of its affairs is presumed to have sufficient common

interest to be in privity with the corporation.'" The court determined Kuntz was in privity with NSOP because NSOP is "wholly owned" by Kuntz according to the complaint. The court quoted *Kulczyk v. Tioga Ready Mix Co.*, stating:

> "Res judicata, or claim preclusion, prevents relitigation of claims that were raised, or could have been raised, in prior actions between the same parties or their privies. Res judicata means a valid, final judgment from a court of competent jurisdiction is conclusive with regard to the claims raised, or claims that could have been raised, as to the parties and their privies in future actions. Under principles of res judicata, it is inappropriate to reargue issues that were tried or could have been tried in earlier proceedings."

2017 ND 218, ¶ 10, 902 N.W.2d 485 (cleaned up). The court found Kuntz's close involvement with NSOP bars the current litigation because the claims could have been raised in the parties' previous litigation, which resulted in the settlement agreement and release of claims. ICON HD asserts the court's privity determination constitutes a misapplication of law, and ICON HD could not have brought these claims in the former litigation because they are based on different facts and evidence.

[¶7]   Res judicata is an affirmative defense that must be raised in a responsive pleading. N.D.R.Civ.P. 8(c)(1); *see also Great West Cas. Co. v. Butler Mach. Co.*, 2019 ND 200, ¶ 8, 931 N.W.2d 504 (stating res judicata is an affirmative defense). A party waives an affirmative defense by failing to plead it. *Shark v. City of Fargo*, 442 N.W.2d 903, 906 (N.D. 1989). NSOP and Kuntz did not plead res judicata. The district court raised this issue sua sponte in violation of the party presentation principle. *See Overbo v. Overbo*, 2024 ND 233, ¶ 8, 14 N.W.3d 898 (stating courts must rely on parties to frame issues because the judicial branch is a passive instrument of government).

[¶8]   Because NSOP and Kuntz did not raise in their answer the affirmative defense of res judicata, the district court should not have considered it. The court erred in determining the claims were barred by res judicata.

III

4

[¶9] ICON HD claims the release excluded the claims at issue in this case. ICON HD, as the nonmoving party, argues the district court improperly drew inferences against it. ICON HD alternatively argues summary judgment was inappropriate because the settlement agreement is ambiguous, thereby making the parties' intent a disputed material fact.

[¶10] This Court reviews an appeal from a district court granting summary judgment under the de novo standard. *Riverwood Com. Park, LLC v. Standard Oil Co., Inc.*, 2011 ND 95, ¶ 6, 797 N.W.2d 770. "Summary judgment is appropriate if reasonable minds could reach only one conclusion on the evidence submitted." *Id.*

> "Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record."

*SWMO LLC v. Eagle Rigid Spans Inc.*, 2019 ND 207, ¶ 7, 932 N.W.2d 120 (quoting *Baker Boyer Nat'l Bank v. JPF Enter., LLC*, 2019 ND 76, ¶ 9, 924 N.W.2d 381) (cleaned up). "The party resisting summary judgment must present competent admissible evidence that raises an issue of material fact, and if appropriate, must draw the court's attention to relevant documents in the record containing evidence raising an issue of material fact. A district court may not weigh the evidence, determine credibility or attempt to discern the truth of the matter when ruling on a summary judgment motion. Deciding an issue on summary judgment

is improper if the court must draw inferences or make findings on disputed facts." *SWMO*, ¶ 8.

[¶11] A settlement agreement is a contract that either party may enforce. *Rocket Dogs K-9 Aquatics & Wellness Ctr., LLC v. Derheim, Inc.*, 2023 ND 103, ¶ 12, 991 N.W.2d 53.

> "In North Dakota, the law looks with favor upon compromise and settlement of controversies between parties, and where the settlement is fairly entered into, it should be considered as disposing of all disputed matters which were contemplated by the parties at the time of the settlement. When a settlement is fairly made before trial, it takes on the character of a contract between the parties and is final and conclusive, and based on good consideration. A settlement will not be set aside absent a showing of fraud, duress, undue influence, or any other grounds for rescinding a contract . . . .

*Kuperus v. Willson*, 2006 ND 12, ¶ 10, 709 N.W.2d 726 (cleaned up).

[¶12] Principles of contract interpretation apply to settlement agreements. *Heitkamp v. Kabella*, 2019 ND 96, ¶ 8, 925 N.W.2d 446. The goal when interpreting a contract is to ascertain the parties' intent. *RTS Shearing, LLC v. BNI Coal, Ltd.*, 2021 ND 170, ¶ 13, 965 N.W.2d 40. Intent must be ascertained from the writing alone when possible. *Id*. If the parties' intent can be determined solely from the writing, interpretation is a question of law appropriate for summary judgment. *Heitkamp*, ¶ 8. However, when the contract contains an ambiguity, the parties' intent becomes a question of fact *Id*. A contract is ambiguous if reasonable arguments can be made for different meanings. *Id*. Extrinsic evidence may be considered to determine intent when a contract is ambiguous. *Riedlinger v. Steam Bros., Inc.*, 2013 ND 14, ¶ 15, 826 N.W.2d 340.

[¶13] ICON HD argues the district court erred in granting the motion for summary judgment because the settlement agreement is ambiguous as to whether Kuntz and NSOP were released in the prior litigation. The court read the settlement agreement to "capture all the claims" involving the "operations" of ICON HD. The court found:

> "Underlying all these claims is Mr. Kuntz's alleged failure to observe ICON HD's operating policies and procedures. ICON HD and Mr. Kuntz released these claims by agreeing to 'forever discharge' each other and their agents 'of and from . . . any other claims that may exist between the parties arising out of <u>the operations</u> of ICON and HD, including, <u>without limitation</u>, any and all known or unknown claims for economic and noneconomic losses' which involve 'the claims made or which could have been made in the Lawsuit or otherwise <u>arising out of the operations</u> of ICON and HD . . . .'"

(Emphasis in original.) The court concluded that applying the exception for "any claims arising out of conduct relating to unnamed third parties" would be repugnant to the "general intent and purpose of the whole contract" and render the release "meaningless." The court noted the exception "does not address operations," which is a "meatier term[]." The court also noted NSOP was not explicitly mentioned in the exception to the release, and thus the "only reasonable explanation for NSOP not also being specifically carved out (protected) is that the NSOP claims were meant to be part of the settlement agreement." Therefore, the court determined NSOP and Kuntz were released through the settlement agreement because the agreement was unambiguous and showed the clear intent to release them for actions involving "the operations" of ICON HD.

[¶14] ICON HD argues the district court disregarded the plain language in the exception to the release. ICON HD claims the exception states it applies "notwithstanding" the release. ICON HD also notes the exception explicitly includes "any entities in which Kuntz owns a membership in whole or in part." ICON HD provides dictionary definitions for the terms "party," "third party," and "unnamed." Based on these definitions, ICON HD argues NSOP qualifies as an "unnamed third party" because it was not listed in the caption of the former lawsuit and not named in the settlement agreement. ICON HD thus asserts its claims against Kuntz and NSOP are excepted from the release under the language stating "any claims arising out of conduct relating to unnamed third parties." Conversely, Kuntz and NSOP argue NSOP is not an "unnamed third

party" because NSOP was explicitly mentioned "at least three separate times" in pleadings in the former lawsuit.

[¶15] We affirm the district court's order granting summary judgment dismissing claims against Kuntz because the settlement agreement is not ambiguous as to him. Kuntz is identified repeatedly in the settlement agreement. He is not an "unnamed third party" in relation to the settlement agreement. By plain wording, the agreement released Kuntz from claims such as those asserted in this case.

[¶16] Regarding the claims against NSOP, the dispositive question is whether NSOP is an "unnamed third party." The district court focused exclusively on the release language despite the exception stating it applies "notwithstanding the foregoing." The exception states "any claims arising out of conduct relating to unnamed third parties" remain viable even when the third party is an entity "in which Kuntz owns a membership interest in whole or in part." The district court failed to interpret the meaning of whether NSOP is an "unnamed third party." Each side has advanced a reasonable interpretation of the exception supporting its favored disposition. Whether the parties intended the term "unnamed third parties" in the settlement agreement to apply to NSOP is ambiguous, and remains a question of fact. The district court erred when it granted summary judgment in favor of NSOP.

IV

[¶17] The district court erred in determining that ICON HD's claims in this case were barred by res judicata. The court also erred in finding the settlement agreement was unambiguous as to NSOP. The district court did not err in finding Kuntz was released from ICON HD's claims. We affirm summary judgment dismissing the claims against Kuntz, and reverse summary judgment dismissing ICON HD's claims against NSOP.

[¶18] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte

8

Douglas A. Bahr